**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA J. STANLEY,**

              **Plaintiff,**        **8:08-CV-925**
                                           **(GLS/RFT)**

       **v.**

**COMMUNITY BANK, N.A.; TIMOTHY TALLMADGE,** *Individually and Officer of Community Bank, N.A.*; **GLENS FALLS NATIONAL BANK; NBT BANK; WALTER STANLEY; ROBERTA STANLEY; NEW YORK STATE POLICE,**

              **Defendants.**
_____

**GLENS FALLS NATIONAL BANK,**

              **Cross Claimant,**

       **v.**

**RANDOLPH J. STANLEY; WALTER STANLEY,**

              **Cross Defendants.**
_____

**APPEARANCES:**             **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LINDA J. STANLEY
*Pro Se*
P.O. Box 901
Ausable Forks, NY 12912

**FOR DEFENDANTS:**

**Community Bank, N.A. and Timothy Tallmadge**
Menter, Rudin Law Firm            CELIA E. MOORE, ESQ.
308 Maltbie Street                MITCHELL J. KATZ, ESQ.
Suite 200
Syracuse, NY 13204-1498

**Glens Falls National Bank**
McPhillips, Fitzgerald Law Firm   DANIEL J. HOGAN, ESQ.
288 Glen Street
P.O. Box 299
Glens Falls, NY 12801-0299

**NBT Bank**
Wilson, Elser Law Firm            PETER A. LAURICELLA, ESQ.
677 Broadway - 9th Floor
Albany, NY 12207-2996

Ganz, Wolkenbreit Law Firm        ROBERT E. GANZ, ESQ.
1 Columbia Circle
Albany, NY 12203

**Walter Stanley and Roberta Stanley**
Lemery, Greisler Law Firm         GRETCHEN M. GREISLER, ESQ.
50 Beaver Street                  PAUL A. LEVINE, ESQ.
2nd Floor
Albany, NY 12207

2

**New York State Police**
Hon. Andrew M. Cuomo                    C. HARRIS DAGUE
New York State Attorney General         Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Linda Jean Stanley ("Mrs. Stanley") brings this action against defendants for, *inter alia*, their alleged role in her husband's fraudulent procurement of loans in her name. Mrs. Stanley seeks monetary damages under 42 U.S.C. §§ 1982, 1983, 1985 and State law. (See Dkt. No. 1.) Pending are motions by all defendants seeking dismissal of the complaint under various provisions of Federal Rule of Civil Procedure 12. (See Dkt. Nos. 17, 18, 23, 34, 37.) For the reasons that follow, the defendants' motions are granted, and the action is dismissed in its entirety.

### II. Facts and Procedural History

Mrs. Stanley is the estranged spouse of Randolph J. Stanley ("Mr. Stanley"). (See Compl. ¶ 11; Dkt. No. 1.) From February 2004 to May

3

2005, Mr. Stanley procured in excess of $1.4 million in loans, using property held jointly by him and Mrs. Stanley as collateral. *Id.* at ¶¶ 16 - 28. Mrs. Stanley contends that Mr. Stanley obtained these loans without her knowledge or by convincing her to sign loan documents through misrepresentations. *Id.* at ¶¶ 16, 20-21, 23. On one occasion, Mr. Stanley allegedly had defendant Timothy Tallmadge ("Tallmadge"), vice-president of defendant Community Bank N.A., pressure Mrs. Stanley into signing such loan documents in the amount of $541,000. *Id.* at ¶¶ 26-27. In late 2005 this loan was "flipped" to another bank by Mr. Stanley and Tallmadge using Mrs. Stanley's forged signature. *Id.* at ¶¶ 37-38. In August of 2005, Mr. Stanley also procured auto loans from defendants Glens Falls National Bank ("GFNB") and NBT Bank "using [Mrs. Stanley's] identity" without Mrs. Stanley's knowledge. *Id.* at ¶¶ 29-30. Mrs. Stanley believes at least some of the loan proceeds may have gone to defendants Walter & Roberta Stanley. *Id.* at ¶¶ 17, 25, 27-28.

In November and December of 2007, Mrs. Stanley repeatedly called the defendant New York State Police ("NYSP") because Mr. Stanley was harassing her and her son, and stealing from their house. *Id.* at ¶¶ 44-48. NYSP's failure to act on these calls is apparently the basis for their

inclusion in this suit.

Turning to the procedural chronology of the case, Mrs. Stanley and Mr. Stanley jointly filed for Chapter 11 bankruptcy on February 7, 2006. (See Ex.3 to Ganz Aff., Dkt. No. 17.)  On March 28, 2008, the Chapter 11 petition was converted to a Chapter 7 petition.  *Id.*

This action was commenced on August 27, 2008, with Mrs. Stanley claiming she had "only recently become aware of the extent of the conspiracy to defraud and abuses perpetrated" against her.   (See Compl. ¶ 13; Dkt. No. 1.)  Mrs. Stanley seeks monetary damages for purported federal civil rights violations under 42 U.S.C. §§ 1982, 1983, 1985, and asserts State claims for intentional infliction of emotional distress, promissory estoppel, breach of contract, breach of an implied in fact contract, and breach of an implied covenant of good faith and fair dealing. Presently pending before the court are motions from all defendants seeking dismissal under various provisions of FED. R. CIV. P. 12.  (See Dkt. Nos. 17, 18, 23, 34, 37.)  Generally, defendants argue that: 1) Mrs. Stanley lacks standing to bring this action due to her bankruptcy petition; 2) the court lacks subject matter jurisdiction because Mrs. Stanley fails to state a cognizable federal claim and there is no diversity between the parties; and

5

3) Mrs. Stanley has failed to state a claim upon which relief can be granted. NYSP additionally contends it is entitled to sovereign immunity. Finding the issues of standing and sovereign immunity to be dispositive, the court declines to address the remaining arguments.

### III. Standard of Review

Because both standing and sovereign immunity go to the heart of a court's constitutional authority to adjudicate a dispute, the court's discussion will proceed under the rubric of FED. R. CIV. P. 12(b)(1). *See Moore v. PaineWebber, Inc.,* 189 F.3d 165, 169 n.3 (2d Cir. 1999) (dismissal for absence of standing should be made under 12(b)(1)); *Goonewardena v. New York*, 475 F. Supp.2d 310, 321 (S.D.N.Y. 2007) (stating "whether or not sovereign immunity bars a claim is properly decided under a Rule 12(b)(1) motion"). A complaint will be dismissed under Rule 12(b)(1) when the court has no subject matter jurisdiction over the action. *See* FED. R. CIV. P. 12(b)(1). "The burden of proving jurisdiction is on the party asserting it." *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996) (internal quotation marks and citation omitted). In determining whether jurisdiction exists, the court "must accept as true all material factual allegations in the complaint, but [it will] not ... draw inferences from

6

the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, on a Rule 12(b)(1) motion, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue." *Id.* at 110.

## IV. Discussion

### A. Standing

Initially, the court addresses the extent to which Mrs. Stanley has standing to bring this action in light of her February 2006 bankruptcy petition.[1]

When a bankruptcy petition is filed all of the debtor's pre-petition legal and equitable interests in property must be disclosed, and become the property of her bankruptcy estate. *See* 11 U.S.C. §§ 521(1), 541(a). Property which passes to the estate includes legal claims which accrued to the debtor pre-petition or as a result of the petition. *See, e.g., Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001); *Richman v. First

---

[1] While defendants NYSP and GFNB have not moved to dismiss on grounds of standing, the court nonetheless addresses the issue as to all defendants as a jurisdictional matter. *See Thompson v. County of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (noting that the court has an independent obligation to examine standing because it implicates subject matter jurisdiction).

7

*Woman's Bank (In re Richman)*, 104 F.3d 654, 657 (4th Cir. 1997); *Hopkins v. Foothill Mountain, Inc. (In re Hopkins)*, 346 B.R. 294, 303-04 (Bankr. E.D.N.Y. 2006).  Such pre-petition claims may only be pursued by the trustee as the representative of the estate under 11 U.S.C. § 323.  *Id.* The debtor has no standing to assert pre-petition claims.  *Id.* at 304.

Unlike pre-petition claims, claims which accrue to the debtor post-petition generally will not adhere to the estate, and remain actionable by the debtor.  *See Bell v. Bell (In re Bell)*, 225 F.3d 203, 215 (2d Cir. 2000); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 395-97 (E.D.N.Y. 2007).  However, this is not always the case.  Claims which were inchoate as of the date of the petition may still be property of the estate if "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property'" of the estate.  *Segal v. Rochelle*, 382 U.S. 375, 380 (1966); *see also Chartschlaa v. Nationwide Mutual Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008); *Rivera*, 497 F. Supp. 2d at 395-97; *Winick & Rich, P.C. v. Strada Design Assocs., Inc. (In re Strada Design Assocs., Inc.)*, 326 B.R. 229, 236 (Bankr. S.D.N.Y. 2005).  To give an example of an application of this rule, the *Segal* Court held that tax refunds sought by a debtor post-

8

petition for losses incurred pre-petition were property of the bankruptcy estate, not the debtor. *Segal,* 382 U.S. at 379-81.

With these principles enumerated, it is clear Mrs. Stanley's claims against Community Bank, Tallmadge, NBT Bank, GFNB and Walter and Roberta Stanley are property of the bankruptcy estate, regardless of whether such claims accrued pre- or post- petition.  The claims against these defendants arise solely out of their alleged complicity in Mr. Stanley's fraudulent conduct from 2004 through 2005.  These acts and omissions occurred well before Mrs. Stanley filed her bankruptcy petition in February of 2006.  Thus, claims stemming from such events are clearly "rooted in [Mrs. Stanley's] pre-bankruptcy past."  Further, transferring Mrs. Stanley's claims to the estate will not hinder her from starting out with a clean slate, as it should have no impact on her discharge in bankruptcy and "the bankrupt without a ... claim to preserve has more reason to earn income rather than less." *Segal*, 382 U.S. at 380.  Accordingly, the court finds that Mrs. Stanley's claims against Community Bank, Tallmadge, NBT Bank, GFNB and Walter and Roberta Stanley are the property of the bankruptcy estate regardless of when they accrued.  Thus, the claims against these defendants must be dismissed, as only the trustee has standing to pursue

them.

The court notes, however, that this holding does not extend to NYSP. The claims against NYSP arise out of its failure to respond to Mrs. Stanley's calls in 2007 regarding Mr. Stanley's harassing behavior. Assuming the claims flowing from these omissions are cognizable, they did not accrue prior to the February 2006 petition and do not appear to have roots in Mrs. Stanley's pre-bankruptcy past. As such, NYSP cannot be dismissed on standing grounds, and the court must address the extent to which sovereign immunity is applicable.

## B.   Sovereign Immunity

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. This grant of sovereign immunity has also been held to prohibit federal suits brought by citizens against their own state without the state's consent. *See California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501-02 (1998); *Hans v. Louisiana*, 134 U.S. 1 (1890). Correspondingly, federal suits against "arms of the state"

10

are barred absent a state waiver of immunity. *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

NYSP is clearly an "arm of the state" entitled to Eleventh Amendment immunity from suit. *See Dunn v. Carrier*, 137 Fed. Appx. 387, 389 (2d Cir. 2005). Further, New York has not waived its immunity for claims of the variety Mrs. Stanley asserts. *See Finkelman v. N.Y. State Police*, No. 06 Civ. 8705(JSR), 2007 WL 4145456, at *3-4 (S.D.N.Y. Nov. 15, 2007); *Yoonessi v. N.Y. State Bd. for Prof'l Med. Conduct*, No. 03-CV-871S, 2005 WL 645223, at *9-10 (W.D.N.Y. Mar. 21, 2005), *aff'd*, 162 Fed. Appx. 63 (2d Cir. 2006); *Hayut v. State Univ. of N.Y.*, 127 F. Supp. 2d 333, 340 (N.D.N.Y. 2000) (state not amendable to suit under §§ 1983, 1982, 1985, or for state common law and constitutional claims). Accordingly, Mrs. Stanley's claims against NYSP must be dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' motions to dismiss (Dkt. Nos. 17, 18, 23, 34, 37.) are **GRANTED**; and it is further

**ORDERED** that Mrs. Stanley's claims against defendants Community Bank, Tallmadge, NBT Bank, GFNB and Walter and Roberta Stanley are

11

dismissed for lack of standing; and it is further

**ORDERED** that Mrs. Stanley's claims against defendant NYSP is dismissed because NYSP is immune from suit under the Eleventh Amendment; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
February 4, 2009

Gary L. Sharpe
U.S. District Judge